BROWN, Respondent, v. BROWN, Appellant.

(142 N. W. 735.)

**Husband and Wife—Separation—Division of Property—Agreement—Mistake—Pleading.**

A separation agreement between husband and wife provided for a division of certain realty and personalty, including a farm implement business carried on by the husband, as property "accumulated by them," and all specified as being their common property, on the basis of one-third to the wife and two-thirds to the husband; the agreement not referring in any way to a note executed by husband to wife, which was not considered in the division of the property nor in estimating the liabilities of the implement business. **Held,** that the note, the money for the giving of which was not the result of the joint accumulations of the parties, should not be considered as among the "property accumulated," there being no pleading of a mutual mistake between the parties, and there being no other evidence than the agreement and the note tending to show a mistake in the agreement.

(Opinion filed July 17, 1913. Rehearing denied August 28, 1913.)

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by Helen A. Brown against Frank M. Brown, to recover, in part, upon a promissory note, executed by defendant; defendant counterclaiming. From a judgment for plaintiff, upon the note, defendant appeals. Affirmed.

*Null & Royhl,* for Appellant.

It is evident from the instrument that the intention of the contracting parties was to settle all property matters absolutely, by the separation agreement.

That by reason of such intention at the time of drawing up the agreement of separation and the property division, the note sued upon was merged therein and liquidated by that agreement.

In view of the evidence, pleadings and agreement, the court should have found that the money paid under the agreement was paid on the theory that the implement business was solvent.

The indebtedness against the estate should have been paid before the division under the terms of the separation agreement, in the sense that the husband was not to assume the entire indebtedness, but only his share thereof.

Division of the common property by separation agreement is analogous to allowance of alimony, and the same principles of law are applicable. Property division between the husband and wife must be based upon the husband's income, or the value of his estate in relation to the wife's separate estate. Tuttle v. Tuttle, (S. D.) 128 N. W. 695; Linderman v. Linderman, 95 N. W. 96; Williams v. Williams, 99 N. W. 431; Martin v. Martin, 150 N. W. 783.

The undisputed evidence shows that by reason of over-payment, the said note had been entirely settled. The evidence further shows that under the separation agreement, wherein the common property was to be divided one-third to the wife and two-thirds to the husband, the wife would have a legal claim to only $333.33, in any event not to exceed $666.66, without reference to the rightful counterclaim.

*Ernest D. Ede,* for Respondent.

The issue is not one between the husband and wife as such. It is between parties to a contract that definitely sets out their agreed manner of dividing their property.

Both the complaint and the counterclaim are based upon the separation agreement.

The separation agreement does not provide or contemplate that the promissory note should be merged into or affected by it. 9 Cyc. 584.

No fact is proved which obligates the plaintiff to sustain any loss resulting from the implement business; at all events, there is nothing either in the agreement or in law to compel the plaintiff to sustain any loss resulting from the implement business the extent of which has not been determined in accordance with this agreement.

The separation agreement does not obligate the defendant to sustain any part of the deficit resulting from the implement business.

The instrument set out a manner of dividing the property, and at once the parties divided the entire property set out in the instrument to be divided then. Neither by enumeration nor by reference thereto, nor by implication, does the instrument include the separate property of the parties, nor does it disclose any intention to divide anything other than the common property. The delivery by the husband to the wife of his prommissory note is conclusive of the fact that the sum represented therein was the sole property of the wife. The absence of any mention of the note in the separation agreement is conclusive of the fact that at that later time, when they divided their property, the parties did not hold the note as a part of "the property accumulated by them," and that the appellant then made no claim to any rights in the note.

Without proof to the contrary, the debts arising from the implement business are against the appellant alone.

GATES, J. On August 28, 1909, the plaintiff and defendant, husband and wife, entered into a written agreement for immediate separation. This agreement provided for a division of the property "accumulated by them" and the settlement for all time of the property rights between them; that plaintiff should have one-third and the defendant two-thirds of certain real and personal property described in the agreement and of the farm implement business then carried on by defendant, all of which was specified as being their common property. It was further agreed that all of the specified property, except the farm implement business, should be immediately appraised and divided; that the farm implement business should be continued until January 1, 1910, at which time it should be appraised and divided. Defendant further agreed to keep an accurate account of receipts and expenditures,

and render a full and complete account of said business to the appraisers on that date, unless sooner sold, and to turn over to plaintiff one-third of the appraised value of said business on January 1, 1910. Accompanying said agreement was an undertaking in the sum of $2,000, guaranteeing the performance of that part of the agreement relating to the farm implement business. On or about September 3, 1909, all of the property except the implement business was appraised and divided. The plaintiff received $6,452.23, the defendant received $12,908.46. The share received by the defendant included a farm listed at $10,200, after deducting an incumbrance of $1,800 thereon. On or about February 1, 1910, an appraisement of the implement business was made in which the appraiser appointed by plaintiff did not participate, and was not asked to participate. The assets of the implement business were found to be $27,526.96, including accounts and bills receivable amounting to $3,712.72 which were found by the trial court to be worthless. The appraisement of the liabilities of the implement business showed a total liability of $31,314.24, so that after deducting the worthless accounts the net excess of liabilities over the assets was $7,500.20. This condition of affairs was not made known to the plaintiff until the time of the trial of the case. On March 1, 1909, defendant delivered to the plaintiff his promissory note for $1,000 due in one year with interest at 7 per cent. This note was not specified in the separation agreement, was not considered in the division of the property made September, 1909, and was not considered in estimating the liabilities of the implement business. It does not appear that the money for which this note was given was a part of the property "accumulated by them." The defendant paid the interest due on said note March 1, 1910, and March 1, 1911. On July 9, 1911, plaintiff brought this suit against defendant. The first cause of action was upon said note. The second cause of action was upon said $2,000 undertaking. The defendant answered the second cause of action setting forth the insolvent condition of the farm implement business. To the first cause of action the defendant interposed a counterclaim setting forth such insolvent condition, and that at the time of the division he had a mistaken impression and was of the opinion that the implement business was solvent, and asked for an affirmative judgment against plaintiff. It was

not alleged that the failure to consider said $1,000 note in the settlement or in the separation agreement was the result of a mutual mistake of fact, nor was any reformation of the agreement sought.  Upon the trial the defendant did not produce books of account showing the condition of the implement business.  He testified that he had destroyed the checks by which he had paid the indebtedness of the implement business and had destroyed his invoices, and that the invoices were what he relied upon to ascertain his liabilities.  Furthermore, in his counterclaim verified by him a year and a half after the appraisal, defendant pleaded that as the result of the appraisement of the implement business, the liabilities were $25,515.57, whereas, at the trial he testified they were $31,314.24.  The counterclaim also showed that the assets were $6,427.11 less than the liabilities, instead of $7,500.24, as finally proven.  The defendant sold his farm in March, 1910. "Q. How much did you realize from the sale of the farm?  A. $16,000."  The trial court found for the defendant upon the second cause of action, and for the plaintiff upon the first cause of action.  Defendant appeals.

It is the contention of appellant that the note was merged in the separation agreement, and that by reason of overpayment upon the division made on September 3, 1909, the note has been entirely paid, and that the defendant should have had judgment against plaintiff for one-third of the net loss arising from the implement business less the amount of said note, and that in any event regardless of the rightfulness of the counterclaim the plaintiff would not have a legal claim in excess of two-thirds of the amount of the note.  These claims are urged without pleading a mistake and without any other evidence than the note and separation agreement tending to show a mistake in the agreement.  We think these contentions are unsound.  It is clear that the money for which the note was given was not the result of the joint accumulations of the parties, and that the note was intentionally omitted from the separation agreement.  The payment of two years' interest after the settlement strongly indicates such to be the understanding on the part of defendant.  Nor is the result of the division of the property so inequitable as to justify us in overturning the decision of the trial court.  The plaintiff received $6,454.23.  The amount of the note with interest to January 1, 1910, was $1,058.33, mak-

ing a total of $7,512.56. So far as the evidence showed, this was the net worth of the plaintiff on that date. The defendant received upon the division $12,908.46. The farm listed at $10,200, was sold for $16,000 so that he realized $5,800 more than the list price, or about $4,000 more than the list price including the incumbrance. These sums added to the amount received by defendant upon the division would produce $18,708.46 or $16,908.46, dependent upon the meaning of the word "realized." If to the admitted shrinkage of $7,500.20 in the implement business there be added the amount of the note with interest to January 1, 1910, the result would be $8,558.53. This sum deducted from the last-mentioned sum would place the net worth of the defendant at either $10,149.93 or $8,349.93.

We do not think that under the pleadings and the facts shown, the trial court erred in rendering judgment for the plaintiff upon the note.

The judgment and order denying a new trial are affirmed.

WHITING, P. J., and McCOY, J., concur in result.